92 417
s103 644

S. M. RICE, Guardian, Etc., v. THE GRAND LODGE OF THE ANCIENT ORDER OF UNITED WORKMEN OF IOWA, Appellant.

Life Insurance Policy: Waiver.  The constitution of a benefit society provided that payment of delinquent dues, within four months, would reinstate; after that time it required, in addition, a lodge vote and a health certificate.  Assured had often allowed dues to lapse, but not for four months.  Having allowed one to lapse for more than that period, he remitted all due to the proper officer, who retained it and sent him a copy of the constitution with the additional requirements for reinstatement marked.  Whether this waived lodge vote and certificate of health, should have been submitted to the jury.

SAME. A subsequent notice of a subsequent assessment brought its payment after it was delinquent and after assured's death. All the money held by the said officer was then tendered and refused. *Held*, no waiver of said previous delinquencies.

*Appeal from Black Hawk District Court.*—HON. J. L. HUSTED, Judge.

FRIDAY, OCTOBER 26, 1894.

ACTION at law to recover upon a life insurance certificate issued to Lewis E. Rice. There was a trial by jury, and upon the close of the introduction of the evidence the court, on the motion of the plaintiff, directed a verdict against the defendant for the amount named in the certificate. Defendant appeals.—*Reversed.*

*Mullan & Pickett, J. D. Nichols* and *C. Nichols* for appellant.

*Hunt & Morrill* and *O. C. Miller* for appellee.

ROTHROCK, J.—I. Appellant is a life insurance company organized on the assessment plan. Lewis E. Rice became a member of the order in the year 1878 by uniting with a local lodge at Guttenberg, in this state, at which place he then resided. About a year afterward he removed to Albert Lea, Minnesota, and later to the city of Minneapolis. He was by occupation a railroad contractor. About January, 1891, he went to Neihart, Montana, at which place he had a contract of grading on a railroad, where he remained until his death, which occurred on the twenty-ninth day of September of the same year, after an illness of some three weeks. His membership in the order was never transferred from the lodge at Guttenberg. The defendant interposed the defense that the plaintiff, who represents the beneficiaries under the certificate, has no right to recover, because the deceased was suspended

from all benefits under the certificate at the time of his death by reason of the failure to pay assessments and dues at the times required by the constitution and by-laws of the order. The reply to the defense is that there was no forfeiture of any right under the certificate, because the same was waived by the defendant. The question presented to the court by the motion for a verdict was whether there was sufficient evidence to authorize a jury to return a verdict for the defendant. The decision of the court was to the effect that the evidence of waiver was so strong and conclusive that a fair and reasonable consideration of all the evidence would not warrant a verdict for the defendant. The evidence shows beyond question that Rice did not, for a number of years, pay each assessment within the time required by the constitution of the order.

It is provided by that instrument that the financier of each subordinate lodge shall send to each member a copy of the assessment, not later than the eighth day of each month, and that any member failing to pay the assessment against him by the twenty-eighth day of the same month shall forfeit all rights under the certificate. But there is a further provision of the constitution that such delinquent members shall be reinstated at any time within four months upon the payment of all assessments up to that time, and that any member in arrears for a term exceeding four months can not be reinstated without a medical certificate of good health, the payment of all assessments and dues, and the consent of the local lodge, manifested by a majority vote of the members. Under these provisions of the constitution, if a member fails to make payment of assessments by the twenty-eighth day of the month, he is suspended from all the benefits of the order. But he has the right to be reinstated within four months upon the single requirement that payment be made of all arrearages. After four months,

there are the further requirements that he must furnish a medical certificate of good health, and secure the consent of the local lodge    The pleadings and the evidence show without dispute that on the twenty-eighth day of January, 1891, Rice was in default for the first assessment in that year, and that he remained in default upon seventeen assessments in all, and also upon three quarterly dues, and that default continued for nearly nine months, when he sent by registered letter from Neihart, Montana, to the financier of the proper local lodge, the sum of twenty dollars, which was the full amount of all dues to that date.    It is quite clear that under the certificate of insurance, and the constitution of the order, he had no right to be reinstated without the certificate of good health, and the majority vote of the local lodge.    His contract with the defendant, as found in the certificate and constitution, expressly required the health certificate and majority vote, where the delinquency was of more than four months' standing. And the presumption is that the insured knew what was necessary to be done to procure a reinstatement.    But it is claimed in behalf of appellee that the receipt of the twenty dollars by the financier of the lodge, and the receipt of other delinquent dues previous to that, was a waiver of the right to demand a forfeiture.

The evidence is not clear that any sum was at any time received before that which was more than four months past due.    However that may be, we do not think the question of waiver was so clearly established as to warrant a verdict by direction of the court.    It is true, as we have said, the assured was frequently in arrears, and the financier of the local lodge sent him notice of assessments, as he did members who were not in arrears.    This was no evidence of a waiver, because the insured had the right to be reinstated.    The receipt of delinquent assessments and dues was no evi-

dence of waiver, because, for four months, payment was all that was necessary to remove the suspension. And the receipt of payment of delinquencies after four months was not inconsistent with the right of the assured to reinstatement by complying with the requirement of a health certificate and consent of the local lodge. The sending of notices of subsequent assessments to the assured is the only method of advising him of the amount necessary to be paid to authorize a reinstatement. The question of waiver in such cases is one of fact, and should ordinarily be submitted to the jury. In the case at bar, if it be admitted that the receipt of delinquent assessments is proper evidence of waiver, yet there is evidence that when the twenty dollars was received by the financier he mailed to the assured, with his receipt, a copy of the constitution of the order, with the provisions as to reinstatement plainly marked with a blue pencil. This was received by the insured. There is, it is true, negative evidence to the effect that he did not examine the constitution, but there is nothing to show that he may not have done so. This is another reason why we think the case should have been submitted to the jury. We think it is unfair to hold that, as the financier sent the constitution to Rice with the provisions as to the requirements for reinstatement plainly marked, the defendant thereby waived these provisions, and is estopped from maintaining them as a defense. The true inquiry, in determining whether rights are preserved by the waiver of the performance of acts required by the contract of insurance, is that the acts of the company must be such as would reasonably lead the insured to believe that strict conditions would not be insisted upon. *Mayer v. Insurance Co.*, 38 Iowa, 304.

II. It appears that after the payment of the twenty dollars, and on the eighth day of September, 1891, the

financier of the local lodge sent a notice of another assessment, which was received at Neihart about the fifteenth of the same month. On the twenty-fifth of September, Rice remitted five dollars. This last remittance was made four days before the death of Rice, and was not received by the financier at Guttenberg until after his death. When it was ascertained that Rice was dead, the money paid on all the delinquent assessments, amounting to twenty-five dollars, was returned to his representatives, and they refused to receive the same. In our opinion the payment of this last assessment can not be held to be a waiver of previous delinquencies. This last payment was not made until after the twenty-eighth day of the month. It is required by the rules of the order that actual payment should be made to the financier on or before that time. The financier was not required to receive the remittance as payment, and he did not do so.

Other questions are discussed by counsel, which we do not think it important to determine. In view of a new trial, however, it may be proper to say that the claim of the defendant that no waiver can be allowed by reason of the acts of the officers of the local lodge does not appear to us to be sound. If the financier and treasurer of the local lodge received payments of assessments, which were held and applied to the purposes of the order, it does not appear to us that the defendant is in any position to claim that these acts were without authority. The judgment of the the district court is REVERSED.